THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTRAL ZONE PROPERTY CORPORATION, Petitioner, v. MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 3, 1937.

*Rosenberg, Goldmark & Colin* [*Milton M. Bergerman* of counsel; *Morton Pepper* with him on the brief], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General*, of counsel], for the respondents.

RHODES, J.   Counsel for the respondents is correct in stating that the sole question presented is whether the interest paid by the petitioner on its debenture bonds was properly treated as a dividend and taxed accordingly.

Petitioner is a real estate corporation and a franchise tax has been assessed against it for the year ending December 31, 1935, under article 9 of the Tax Law, section 182 *et seq.*

In 1930 Central Zone Building, Inc., was the owner of property known as Central Zone Building located at 305–313 East Forty-fifth street, New York city.   It issued first mortgage bonds in the amount of $2,000,000, secured by a first mortgage on the property. It also placed a second mortgage on the property to secure an issue of bonds designated as general mortgage bonds.   The second mortgage and the bonds secured thereby are of little importance in relation to the question here presented.

In 1932 the corporation defaulted in the payment of interest on its first mortgage bonds, and a bondholders' committee was organized for the protection of the interests of the first mortgage bondholders.

As a part of a contemplated plan of reorganization, and to avoid the payment of a Federal transfer tax which was to become applicable after July 1, 1932, a new corporation, Central Zone Property Corporation, the petitioner herein, was organized in June, 1932.   Certain of the first mortgage bonds in the hands of the bondholders' committee were transferred to the petitioner and petitioner agreed to and did later give its note or notes therefor.

In furtherance of the reorganization plan the petitioner then foreclosed the first mortgage on the property and upon the foreclosure sale bought in the property, paying therefor by a delivery of said defaulted first mortgage bonds and with certain cash.

Petitioner then issued cumulative debenture bonds and delivered them for the benefit of those persons who had deposited their

first mortgage bonds of the former corporation as above outlined, and the note theretofore given to the committee was canceled. The bondholders received new debenture bonds equal dollar for dollar to the face amount of the defaulted first mortgage bonds, and for the benefit of such bondholders petitioner also transferred shares of its stock in proportion to the amount of defaulted first mortgage bonds held or deposited by said original owners and also delivered shares of its stock for the benefit of the former holders of the general mortgage bonds secured by the second mortgage issued by the original corporation, such holders receiving such stock in proportion to the amount of their holdings of said general mortgage bonds.

Numerous details have been omitted from this recital, but as a result of the rather intricate transactions the petitioner has acquired the real property in question and has issued its bonds outstanding in the amount of $1,821,500.

It is claimed in behalf of the said State Tax Commission that the effect of the transactions described and the net results thereof were that the proceeds of the said outstanding bonds of the petitioner were issued to acquire assets, and in the amended return of the petitioner made to the State Tax Commission it is stated that the average amount of debenture bonds outstanding, the proceeds of which were issued to acquire assets, was $1,821,500, and such return also states that the total amount of interest paid during the year ended December 31, 1934, on debenture bonds, the proceeds of which bonds were used to acquire corporate assets, was $72,860. It is this amount of interest paid which the Commission has treated as a dividend and assessed a franchise tax thereon.

There is no dispute as to the correctness of the assessment of the franchise tax measured by gross assets. The contest concerns the additional assessment measured by the $72,860 interest paid on the debenture bonds, such assessment of tax upon the said alleged dividends amounting to $1,457.20.

Section 182 of the Tax Law imposes a franchise tax on real estate corporations at the rate of one-fourth of one mill on each dollar of the assets of the corporation employed or situate within the State.

Said section also imposes an additional tax at the rate of two per centum on such portion of the amount of dividends made or declared as the gross assets in the State bear to the total gross assets and as to this additional tax the said section provides: " Interest paid on debenture bonds and/or certificates of indebtedness and/or certificates of beneficial interest, and/or promissory

notes or other indebtedness to stockholders, the proceeds of which are used to acquire assets, shall, for the purposes of this section, be treated as dividends and taxed accordingly."

We agree with the contention of the Tax Commission that in effect the proceeds of said debenture bonds were used to acquire corporate assets and that under the quoted provisions of the statute the interest paid on these bonds is deemed to be and is taxable as a dividend and that, therefore, the amount of the franchise tax assessed by the Commission was correct and proper.

The determination under review should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.